Filed 9/24/20  P. v. Aguirre CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

> **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO AGUIRRE,<br><br>    Defendant and Appellant. | D077164<br><br><br>(Super. Ct. No. SCS307634) |


APPEAL from a judgment of the Superior Court of San Diego County, Roderick Shelton, Judge.  Affirmed as modified and remanded with directions.

Rachel M. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Lise Jacobson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Alejandro Aguirre of resisting an executive officer (Pen. Code,[1] § 69); battery on a peace officer (§ 243, subd. (b)); possession of a controlled substance (Health and Saf. Code, § 11350, subd. (a)); possession of drug paraphernalia (Health and Saf. Code, § 11364); and possessing a stun gun (§ 22610, subd. (a)).  The court found true an alleged prison prior (§ 667.5, subd. (b)).

The court sentenced Aguirre to the two-year midterm for resisting an officer.  The remaining counts were sentenced concurrently with the section 69 term.  The court struck the prison prior and imposed a split sentence of 16 months in custody and eight months under mandatory supervision.

Aguirre appeals, contending the evidence is not enough to prove he possessed a vest containing heroin and a stun gun.  Aguirre also contends the court's written order imposing an electronic search condition is invalid.  The People concede the court erred in the manner of the imposition of the search condition because such condition was not orally imposed by the court at sentencing.  In any event, the People observe the condition is not likely proper under the facts of this case and asks the court to strike the search condition.  Otherwise, the People argue there is enough evidence to prove Aguirre possessed the vest.

We will agree with the parties regarding the search condition and remand the case to the trial court with directions to strike it.  Otherwise, we will find the record contains enough evidence to support the jury's findings.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

## STATEMENT OF FACTS

The parties do not disagree about the facts presented at trial. The factual dispute is about the sufficiency of the evidence.

We will adopt the summary of the facts as set forth in the respondent's brief for convenience.

While on routine patrol, an officer was parked in his police cruiser in an area known for a lot of narcotics activity when he saw that Aguirre's car, parked in a lot across the street, was missing a front license plate. The officer saw Aguirre walk up to the car, get in, and drive out of the parking lot. The officer pursued Aguirre to stop him for the missing front plate.

Almost immediately after the officer started his pursuit, Aguirre drove his car back into the parking lot from which he had come and parked his car across two parking stalls. As the officer stopped his cruiser behind Aguirre's parked car, Aguirre got out of his car and tried to hurry away.

The officer repeatedly commanded Aguirre to stop and explained to Aguirre why he was being detained. Aguirre was having none of it and kept trying to walk away. The officer continued to urge Aguirre to stop, but Aguirre would not listen. During the interaction, as the officer tried to gain physical control over him, Aguirre jabbed the officer with his fist.

The officer called for backup, used a Taser to incapacitate Aguirre, and took him into custody. During a pat-down search of Aguirre, the officer recovered two syringes in his pocket. In a search of Aguirre's car, another officer found two additional syringes with a brown residue inside in the center console, and a vest that was right behind the driver's seat. In the vest pockets, the officer found two bindles of heroin and a stun gun.

DISCUSSION

I

Sufficiency of the Evidence of Possession

Aguirre contends the evidence was not enough to prove he possessed the vest containing heroin and a stun gun found behind the driver's seat of Aguirre's car. We will reject this contention.

A. *Legal Principles*

When a person challenges the sufficiency of the evidence to support a conviction, we review the challenge under the substantial evidence standard of review. Under that standard we review the entire record drawing all reasonable inferences in favor of the trial court decision. We do not weigh the evidence, nor do we make credibility decisions. It is our task to determine whether there is enough substantial evidence to permit the jury to find each element of the offense to be proved beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578; *People v. Young* (2005) 34 Cal.4th 1149, 1180.) We apply the same standard in evaluating the sufficiency of circumstantial evidence. (*People v. Stanley* (1995) 10 Cal.4th 764, 792.)

In order to prove possession of a substance or a weapon, the People must show the defendant exercised dominion and control over the item, whether the possession be actual or constructive. (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242; *People v. Pena* (1999) 74 Cal.App.4th 1078, 1083.)

Constructive possession means the item is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the item. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) "[P]ossession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control." (*People v. Williams* (1971) 5 Cal.3d 211, 215.)

4

B *Analysis*

The vest in issue was found in Aguirre's car. He told police it was his car. He was the only person in the car, and the vest was discovered behind the driver's seat. Aguirre had syringes on his person when arrested, and syringes were discovered in the center console of the car. There was no evidence at trial that anyone other than Aguirre had access to the car.

When approached by police, Aguirre parked his car and tried to walk away from the car, which led to the encounter with the officer. His evasive behavior regarding the car as well as the drug equipment on his person and in the car could support an inference he did not want police to see what was in his car and support an inference he knew the contraband was in the car. Thus, we think a reasonable jury could conclude, on these facts, that Aguirre exercised dominion and control over the car and the things in it. It could also conclude from his behavior that Aguirre was aware of the existence of the drugs and the stun gun.

Applying the proper standard of review and drawing all reasonable inferences in support of the verdict, we are satisfied there is enough substantial evidence in the record to support the verdict.

II

The Electronic Search Condition

At the sentencing hearing, the court did not orally specify what conditions of mandatory supervision would be imposed. The clerk filed a written order, which contained the conditions, including search of electronic devices. Aguirre contends the failure to orally pronounce the condition is at odds with the written order.

The People agree with Aguirre. Principally, they note the written order does not track the oral pronouncement of sentence. The People also observe

5

it is doubtful such condition would meet the high standards set by the court in *In re Ricardo P.* (2019) 7 Cal.5th 1113. There is nothing in the record implicating possible use of electronic devices by Aguirre in this case or in the future as such devices might impact his supervision. The People suggest, in the interest of judicial economy and because Aguirre only challenges the one condition, that we strike the condition. In light of the record, we believe it would be an idle act to remand to reconsider the condition. We accept the People's invitation and order the trial court to strike the search condition.

## DISPOSITION

The trial court is directed to strike the electronic search condition for mandatory release and to modify the judgment accordingly. In all other respects, the judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.